UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. LEWIS,                 )
                                  )
        Plaintiff,                )    Case No. 1:06-cv-38
                                  )
v.                                )    Honorable Robert Holmes Bell
                                  )
MICHIGAN DEPARTMENT OF            )
STATE POLICE et al.,              )
                                  )
        Defendants.               )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is barred by the statute of limitations.

**Discussion**

  I.  Factual Allegations

Plaintiff Richard Lewis presently is incarcerated at the Carson City Correctional Facility. His allegations, however, involve the circumstances surrounding his arrest on November 11, 2000, in Mecosta County, Michigan. Plaintiff sues the Michigan Department of State Police; Michigan State Police Lieutenant (Unknown) Heintz and Trooper Brian Cribbs; City of Newaygo; County of Newaygo; Newaygo County Sheriff's Department; Sheriff Michael Mercer and Detective Jeff Lentz of the Newaygo County Sheriff's Department; City of Big Rapids; Big Rapids Public Safety Department; Director Kevin Courtney, Detective Sergeant Steven Delaney, and Officer Erik Little of the Big Rapids Public Safety Department; County of Mecosta; Mecosta County Sheriff's Department; Sheriff John Sonntag and Detective Sergeant Richard Rau of the Mecosta County Sheriff's Department; and Undersheriff Michael Dermyer and Sheriff Robert Hilts of the Lake County Sheriff's Department.

  In his *pro se* complaint, Plaintiff, an African American, claims that Defendants illegally arrested him due to racial profiling. On the evening of November 11, 2000, Defendants stopped the vehicle in which Plaintiff was a passenger along with Mark Walker, the African American driver, and surrounded the vehicle at gun point. Defendant Cribbs then allegedly forcibly removed Plaintiff from the vehicle by hitting him in the head with a flashlight, and repeatedly kicking him in the face and side while he was lying on the ground. After arresting Plaintiff, Defendants interrogated him at the Big Rapids Public Safety Department for three and one-half hours. Plaintiff claims that Defendants denied him medical treatment for his injuries despite numerous requests during the interrogation.

Plaintiff asserts the following constitutional law violations by Defendants: (1) Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures, use of excessive force, and arrest without probable cause; (2) Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment by engaging in racial profiling and/or training police officers to engage in racial profiling; (3) Defendants violated Plaintiff's rights under the Due Process Clause of the Fifth and Fourteenth Amendments; (4) Defendants' deliberate indifference to Plaintiff's "safety and welfare," and use of excessive force violated his rights under the Fourteenth Amendment; (5) Defendants engaged in a conspiracy to deny Plaintiff's civil rights in violation of §1985; (6) Defendants failed to prevent the civil rights conspiracy against Plaintiff in violation of §1986; and (7) Defendants failed to train and supervise their employees in violation of §1983. Plaintiff also raises numerous state law claims including conspiracy, false arrest and imprisonment, negligence, abuse of process, racial discrimination, and intentional infliction of emotional distress.

For relief, Plaintiff requests declaratory and injunctive relief, monetary damages and costs.

II.     Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. §§ 1983 and 1985. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985); *see also Bowden v. City of Franklin, Kentucky*, 13 F. App'x 266, 272 (6th Cir. 2001). For civil rights suits filed in Michigan under §§ 1983 and 1985, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Baker v. Smith,* 72 F. App'x 339, 341 (6th Cir. 2003)(applying the three-year statute of limitations in MICH. COMP. LAWS § 6.5805(10) to § 1985

claims); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999).  The statute of limitations for § 1986 claims is one-year.  42 U.S.C. § 1986.  Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely.  He asserts claims arising on November 11, 2000. Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued in November 2000.  However, he did not file his complaint until December 2005, well past the one-year limit in § 1986 and Michigan's three-year limit for Plaintiff's §§ 1983 and 1985 claims. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991);  *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations.  The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is

---

[1] The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) does not apply to claims brought by prisoner's under 28 U.S.C. § 1983, because although the statute was amended in 1996, the amendments did not "ma[k]e possible" a prisoner civil rights action under § 1983.  *Id.*, at 382.

obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.[2]

### III.   State Law

Plaintiff alleges state law claims of conspiracy, false arrest and imprisonment, negligence, abuse of process, racial discrimination, and intentional infliction of emotional distress in his complaint. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853,

---

[2] Some of Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Many of Plaintiff's allegations clearly call into question the validity of his conviction and are barred under *Heck* until his criminal conviction has been invalidated.

1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). These claims will be dismissed without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action is frivolous and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it is barred by the statute of limitations. This Court also declines to exercise jurisdiction over Plaintiff's state law claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Date:   February 17, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

Case 1:06-cv-00038-RHB-JGS   ECF No. 9 filed 02/17/06   PageID.64   Page 7 of 7